UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRACY MAYS,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE MAUREEN CLANCY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:12 CV 2596<br><br>JUDGE DAN AARON POLSTER<br><br><br>MEMORANDUM OF OPINION AND ORDER |

*Pro se* Plaintiff Tracy Mays filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Maureen Clancy, the Cuyahoga County Prosecutor's Office, the Cuyahoga County Jail, and the Parma Heights Police Department. In the Complaint, Plaintiff challenges his arrest and conviction on charges stemming from his violation of a protection order. He seeks monetary damages, reversal of his conviction, and removal of the felony charges from his criminal record.

## Background

Plaintiff claims his rights were first violated by the Parma Heights Police Department. He states police officers came to his door on February 2, 2012 and entered his dwelling with their weapons drawn even though his "door was closed." (ECF No. 1 at 4). He asked to see a copy of

the arrest warrant and the officers told him it was back at the station. He contends he was never shown a copy of the warrant and was told only that he was being arrested for violating a protection order. He was transported to the Cuyahoga County Jail on February 3, 2012.

Plaintiff alleges his criminal case was assigned to Judge Clancy. He indicates she advised him that her job was to ensure that the proceedings were fair and impartial. He claims she then "allowed [his] rights to be violated and allowed false evidence to be admitted into [his] case." (ECF No. 1 at 5). He claims he attempted to dismiss his trial counsel and explained to the judge that he believed his attorney was ineffective; however, the Judge would not grant his request. He claims the Judge allowed the prosecutors to enter evidence that was not notarized or sworn in, and "allowed evidence to be entered against [him] that was not in the full discovery." (ECF No. 1 at 5). He contends he asked the court to assist him with the preparation of his own legal materials or to appoint new counsel to represent him, but these requests were also denied.

Plaintiff claims the prosecution suppressed evidence of his innocence. He contends the victim and a witness came to the courthouse to make a statement to the judge about his innocence and the prosecutors sent them away. He states that the prosecutor was more interested in obtaining a conviction than in obtaining the truth.

Finally, Plaintiff alleges he has been denied access to the law library in the Cuyahoga County jail. He indicates he was unable to access legal research materials, self help materials, state and federal forms, criminal procedure handbooks, bulk envelopes, bulk mailing, notary services, copy services, accounting assistance for *in forma pauperis* applications, or pens. He further claims the jail lacks inmate clerks to assist with research. He alleges he has been denied access to grievance forms and is therefore unable to file grievances regarding the conditions of his

confinement or lack of medical care for a hernia.

Plaintiff asserts the Defendants violated his First and Sixth Amendment rights. He also asserts a claim under the Fourteenth Amendment for denial of Equal Protection.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662, 677-78 . A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

As an initial matter, the Parma Heights Police Department is not *sui juris*, meaning it lacks the power to sue, and cannot be sued absent positive statutory authority. *See Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000). *See also Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D.Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued); *Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D.Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."). Similarly, the Cuyahoga County Jail is not a legal entity capable of being sued. Rather, as it is a facility owned and operated by Cuyahoga County. *See Harsh v. City of Franklin*, No. C-1-07-874, 2009 WL 806653, at *12 (S.D. Ohio Mar. 26, 2009). Claims against the Parma Heights Police Department are therefore construed against the City of Parma Heights. The claims against the Cuyahoga County Jail are construed against Cuyahoga County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Plaintiff alleges Parma Heights police officers arrested him for violating a protection order without producing a warrant for his arrest. He alleges the jail conditions are objectionable, he was denied medical care for a hernia, and was denied grievance forms. He further asserts the legal assistance services at the jail are lacking. With the exception of his claim pertaining to the legal assistance services at the jail, all of the allegations against the City of Parma Heights and Cuyahoga County are based on the actions and decisions of individual employees of those municipalities. There are no allegations in the Complaint that reasonably suggest they are the result of a policy of custom of the municipality.

While Plaintiff's claim for denial of access to the courts may be appropriately asserted against Cuyahoga County, he fails to state a claim upon which relief may be granted. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation."

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by the Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Plaintiff does not allege he suffered an actual injury. He indicates he is not claiming the law library is subpar but rather is claiming it is non-existent. This allegation, however, is not a demonstration of an actual injury to a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. This is a still a general statement that the law library is defective in a theoretical sense. To show an actual injury, Plaintiff must plead facts demonstrating that he was prevented from filing or prevented from litigating a real direct appeal, habeas petition, or civil rights action by specific actions of the Defendant. There are no allegations of this nature in the Complaint. Plaintiff therefore has not demonstrated he was denied access to the courts.

Plaintiff's remaining claims are asserted against Judge Clancy and the Cuyahoga County Prosecutor's Office and challenge the criminal proceedings which resulted in his conviction. A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).

Plaintiff asserts Judge Clancy "allowed [his] rights to be violated and allowed false evidence to be admitted into [his] case." (ECF No. 1 at 5). He claims she would not permit him to dismiss

his attorney who Plaintiff believed to be ineffective, and allowed the prosecutors to enter evidence that was not notarized or sworn in, and "allowed evidence to be entered against [him] that was not in the full discovery." (ECF No. 1 at 5).

Plaintiff claims the prosecution suppressed evidence of his innocence. He contends the victim and a witness came to the courthouse to make a statement to the judge about his innocence and the prosecutors sent them away.

If these claims are found to be true, they would call into question the validity of Plaintiff's conviction and sentence. To proceed with them under 42 U.S.C. § 1983, Plaintiff must also allege his continued confinement was declared invalid by either an Ohio state court or a federal habeas corpus decision. He does not include these allegations, and there is not suggestion in the Complaint that his conviction has been called into question or overturned. His remaining claims must therefore be dismissed

Moreover, even if the claims against Judge Clancy and the Prosecutor's Office were not subject to dismissal under *Heck*, the Defendants would be absolutely immune from damages in this action. First, Judge Clancy is entitled to absolute judicial immune from damages for any claim arising from decisions she made in the course of a case before her. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are given this far-reaching protection from lawsuits to ensure that their independent and impartial exercise of judgment is not impaired by exposure to potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute judicial immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105

F.3d at 1116. Plaintiff alleges no facts to show either of these criteria has been met in this case.

The determination of whether an action is performed in a judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). To determine the "nature" of the act committed by the judge, the court examines whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general tasks normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act requires the court to assess whether the parties dealt with the judge in his or her judicial capacity or on a personal basis. *Id.*

Plaintiff provides very few factual allegations in his Complaint to describe the actions of Judge Clancy. He claims the Judge allowed the prosecutors to introduce evidence he believed was false and not notarized or verified. He further contends she would not permit his attorney to withdraw from his case. Based on these limited allegations, it is evident Judge Clancy was rendering decisions in the course of the pretrial and trial phases of Plaintiff's prosecution which are tasks normally performed by judges. Furthermore, Plaintiff only describes dealings with the Judge which occurred while she was performing judicial duties. Plaintiff cannot overcome judicial immunity to assert a claim against Judge Clancy under the first criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. (emphasis added.) When the immunity of the judge is at issue, the scope of the judge's jurisdiction is broadly construed. *Stump*, 435 U.S. at 356-57. A judge will be not deprived

of immunity if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. This could occur for example if a Domestic Relations Court Judge, without proper appointment hears a criminal appeal. *King*, 766 F.2d at 965. Conversely, the judge will not be deprived of immunity by merely acting in excess of his or her authority. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

Again, the conduct Plaintiff describes in the Complaint was taken within the context of the pretrial and trial of his criminal case. Common Pleas Court Judges have jurisdiction to hear and try criminal cases. While Plaintiff may not agree with the rulings made by Judge Clancy, there is no indication that she was acting outside of the subject matter jurisdiction of her court. Judge Clancy is absolutely immune from this suit for damages. If Plaintiff believes those decisions were contrary to Ohio law, his remedy is a direct appeal of his conviction. He cannot sue the Judge for damages based on he finds objectionable.

Similarly, Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* Lawsuits against prosecutors could be expected with

some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the prosecutor. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit." *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

In this case, Plaintiff alleges the prosecutors suppressed evidence of his innocence by turning away the victim and a witness who came to the courthouse to make a statement to the judge concerning Plaintiff's. Plaintiff does not elaborate on these statements. Nevertheless, the prosecutor acting as the advocate of the State can decide which witnesses to call to support his case. Plaintiff and his attorney could also have presented the testimony of the victim and the witness. These actions are directly related to presenting the State's case in Plaintiff's criminal prosecution. The prosecutors are entitled to absolute immunity for these actions.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 2/4/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

2 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.